BOWMAN et ux. v. FARMERSVILLE MILL & LIGHT CO.

(Court of Civil Appeals of Texas. Dallas. May 24, 1913. Rehearing Denied June 21, 1913.)

1. ELECTRICITY (§ 18*)—ACTION FOR INJURIES —CONTRIBUTORY NEGLIGENCE.

Deceased, who knew that electric light wires were dangerous, and who saw a wire fall during a storm and burn the grass, and who, after warning that it was dangerous, stopped and took hold of it with his hands, was guilty of contributory negligence.

[Ed. Note.—For other cases, see Electricity, Cent. Dig. § 10; Dec. Dig. § 18.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

**2. ELECTRICITY (§ 19*)—ACTION FOR INJURIES—SUFFICIENCY OF EVIDENCE—NEGLIGENCE.**

Evidence, in an action against an electric light company for the death of plaintiffs' decedent by contact with one of its fallen wires, *held* to sustain a finding that defendant was not guilty of negligence.

[Ed. Note.—For other cases, see Electricity, Cent. Dig. § 11; Dec. Dig. § 19.*]

**3. TRIAL (§ 260*) —INSTRUCTIONS — NEGLIGENCE—INSTRUCTIONS COVERED BY OTHERS GIVEN.**

In an action against an electric company for the wrongful death of plaintiffs' son, where the only issue under the pleadings was whether defendant was negligent in discovering that the wire had fallen during a storm and in failing to remove it or cut off the current before deceased was killed, the court instructed that if the defendant by ordinary care might have known that the wire had fallen in time to have removed it, or to have turned off the current and have prevented the injury, and failed to do so, it was liable, but that if there was no negligence in the falling of the wire, and defendant by ordinary care could not have discovered its fall in time to have removed it or cut off the current before the injury, it was not liable, and refused plaintiffs' instruction that if defendant should have known that the wire had fallen in time to have prevented injury, and that if its failure to do so was the proximate cause of the death, it was liable. *Held*, that the charge given covered the issue and that the failure to give the requested charge was not prejudicial.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

**4. TRIAL (§ 260*)—GIVEN INSTRUCTIONS—REQUESTED INSTRUCTIONS.**

Where the court's charge, taken as a whole, fairly submitted all material issues in a way not likely to mislead the jury, the refusal of requested charges therein was not reversible error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

**5. APPEAL AND ERROR (§ 1068*) — REVIEW — HARMLESS ERROR—INSTRUCTIONS.**

Where the evidence, in an action against an electric light company for the death of plaintiffs' decedent from contact with a fallen wire, showed that he was guilty of contributory negligence in taking hold of the wire, any error in the court's charge was harmless to plaintiffs, since the verdict for defendant was the only one that could have been rendered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4225–4228, 4230; Dec. Dig. § 1068.*]

**6. APPEAL AND ERROR (§ 216*)—PARTIES ENTITLED TO ALLEGE ERROR — NECESSITY OF REQUESTING CHARGE.**

Where plaintiffs, in an action against an electric light company for the death of their son by contact with a live wire, pleaded that the persons in charge of defendant's plant were incompetent and unfit, but requested no charge on such issue, they could not, on appeal, complain of the court's failure to submit such issue.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 216.*]

Appeal from District Court, Collin County; J. M. Pearson, Judge.

Action by A. A. Bowman and wife against the Farmersville Mill & Light Company. Judgment for defendant, and plaintiffs appeal. Affirmed.

G. R. Smith, F. E. Wilcox, and J. E. Abernathy, all of McKinney, for appellants. W. R. Abernathy and R. C. Merritt, both of McKinney, for appellee.

RAINEY, C. J. This is a suit by appellants to recover damages against appellee for the death of their son, who was killed by coming in contact with a live electric wire belonging to appellee, which was down on a street known as Rike avenue, in the town of Farmersville, Tex.'

The negligence charged in plaintiffs' petition was in effect: First. Permitting an electric light wire charged with electricity to become broken and fall upon, across, and along Rike avenue. Second. In failing to keep and maintain appliances to indicate when a light wire had fallen and was grounded. Third. Failing to use ordinary care and diligence to discover that said wire was down or grounded and to remove it or render it harmless. Fourth. In failing to turn off the current of electricity from its lines and from its fallen or grounded wires. Fifth. That the person or persons in charge of appellee's plant were incompetent and not fit for the position. Appellee answered by general denial, specially pleading that the wire was broken as the result of being struck by lightning during an unusual and severe storm prevailing at the time; that deceased was guilty of contributory negligence in taking hold and coming in contact with said wire after knowing it was down and with the knowledge that it was dangerous, and after having been warned that it was dangerous. A trial before a jury resulted in a verdict and judgment for appellee, from which judgment appellants have appealed.

### Conclusions of Fact.

[1, 2] That appellee is a corporation, owning and operating an electric light plant in the town of Farmersville. That appellants were the parents of Joseph E. Bowman, deceased, who was 19 years of age at the time of his death. Joseph was a blacksmith and earning about $75 per month. On the day of his death, about 4 p. m., he left his place of business for home and a severe storm broke and he took shelter in the house of John Holloway and remained on the porch with Holloway during the storm, which lasted 20 or 30 minutes and was of unusual severity. During the storm there was a hard rain, considerable wind, vivid lightning and thunder, and during said time there was a loud and keen clap of thunder and flash of lightning which seemed to strike near, and immediately thereafter they noticed a broken electric wire down across the street from where they were. Holloway called deceased's attention to the wire hanging down and to its burning the grass and smoking and that it was dangerous. Holloway and deceased watched it

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

burning the grass for some little while. After the storm slackened Holloway went out and crossed the street and telephoned the electric plant to shut off the current, and as he started he told deceased to wait for him. But deceased followed him across the street to within 8 or 15 feet of the wire, which was hanging from the electric light pole down in and across the alley and upon and across the corner of Mrs. Coffey's yard and back into the main street. Mrs. Coffey was on her front porch and deceased said to her, "Your lights are out;" and he immediately stopped, leaned forward, took hold of the wire with his right hand, and was almost instantly killed.

Deceased had lived in Farmersville about five years where electric lights were strung over the town, knew what they were and that they were dangerous. The evidence shows, we think, beyond controversy that deceased was guilty of contributory negligence. We also think the jury were justified from the evidence in finding that appellee was not guilty of negligence.

### Opinion.

[3] The first assignment of error complains of the refusal to give the requested charge No. 1, as follows: "If you find from the evidence that the defendant maintained proper and suitable appliances and devices at its power plant for the purpose of indicating when a wire charged with electricity was broken and down on the ground, but if you find that it failed to exercise ordinary care as to the inspection of such appliances, and you further find that if defendant had inspected such devices or appliances, it could and would have seen and known that such charged wire, if any, was broken and down on the ground in time to have prevented injury, and that defendant's failure to exercise ordinary care as to inspecting such appliances, and if you further find that such failure, if any, was negligence, and that said negligence was the proximate cause of the death of said Joseph E. Bowman, and that deceased was not guilty of contributory negligence, and that on account of his death plaintiffs sustained a pecuniary loss, you will find for the plaintiffs." On this issue plaintiffs pleaded as follows: "Plaintiff would further represent and show to the court that the defendant company did not keep and maintain a ground detector or other appliance to announce and indicate at the plant or power house when a circuit was grounded or when a live wire had fallen to the ground, and that it was the duty of the defendant company to have had and maintained an appliance for this purpose in order to discover and render harmless a fallen wire charged with electricity, and in failing to do so the said defendant company was further guilty of negligence, which was the direct and proximate cause of the death of said Joseph E.

Bowman. But, if mistaken in the allegation that the defendant company did not have and maintain a ground detector or an appliance that would indicate a fallen wire charged with electricity and a grounded circuit, then the plaintiffs allege and charge that the defendant company knew that a wire was down or grounded somewhere on its line in said city charged with electricity at and prior to the death of said Joseph E. Bowman, as aforesaid, or by the exercise of ordinary care should have known it and would have known it, and that the defendant knew that said wire was then and there charged with a dangerous current of electricity, and knew it would be dangerous to persons passing along the streets of said city, and especially on said Rike avenue, and further knew that the streets of said city and said Rike avenue were in constant use by the public, and that persons so passing along said streets, and especially Rike avenue, might come in contact with said fallen wire, and that death or serious bodily injury would be caused thereby; that it was the duty of the defendant company to use ordinary care and diligence to discover that said wire was down or grounded and to remove it or render it harmless, and that it was the duty of the defendant company to use ordinary care and diligence to prevent the said wire from causing injury to any one who might be upon or using said street or streets, where said fallen wire was down; but that the defendant company, unmindful of its said duty, negligently failed to discover and remove said fallen wire and negligently failed to render the same harmless and negligently failed to turn off said current of electricity from its said line and from its said fallen or grounded wire, and by reason thereof said defendant was further guilty of negligence which was the direct and proximate cause of the death of said Joseph E. Bowman."

The court submitted to the jury in its general charge the issue as follows: "But if you find and believe from the evidence that one of defendant's wires charged with electricity was caused by lightning to fall upon and obstruct the streets or Rike avenue, and while so obstructing the streets or sidewalk Joseph E. Bowman, while walking or standing upon said street or sidewalk, was exercising ordinary care for his own protection, came into contact with said wire so charged and was thereby killed, and if you further find and believe from the evidence that after the fall of said wire on the street or sidewalk, and before the death of Joseph E. Bowman, the defendant company, by the exercise of ordinary care, could and would have known of the falling and grounding of one of its wires charged with electricity upon its line for a lapse of time reasonably sufficient to have enabled the defendant company to have removed said wire from the streets or to have turned off the electric cur-

rent and thereby to have prevented the death of Joseph E. Bowman, and you further find and believe from the evidence, under the circumstances above enumerated, that the defendant company was guilty of negligence in failing to discover the falling and grounding of said wire upon its line, if you find it so failed, or in failing to remove the wire from the street, if you find it so failed, or in failing to turn off the electric current in time to have prevented the death of Joseph E. Bowman, if you find it so failed, and was guilty of negligence in either respect above enumerated, and you further find and believe from the evidence that such negligence, if any, was the direct and proximate cause of Joseph E. Bowman's death, you will find a verdict for the plaintiffs and assess their damages as hereinafter instructed. On the other hand, if you find and believe from the evidence, under all of the facts and circumstances in the case, that the defendant company was not guilty of negligence in the falling of its wires charged with electricity upon Rike avenue, and you further find and believe from the evidence that the defendant company did not know and could not by the exercise of ordinary care have discovered the falling and grounding of its wires upon its line a reasonably sufficient lapse of time beforehand to have enabled it to have removed the same or to have turned off the current and thereby have prevented the death of Joseph E. Bowman, then you will return a verdict for the defendant."

The undisputed evidence shows that appellee had an appliance at its plant that would indicate the fallen wire in question. Then the only issue that arose was, Did the appellee use diligence in discovering that the wire had fallen, and was it negligent in failing to remove it from the street before deceased was killed, or in failing to cut off the current? The court in its general charge fully covered this issue as presented by the evidence. We are of the opinion that appellants were not prejudiced by the failure to give the charge requested.

[4] The second and third assignments complain of the ninth and tenth paragraphs of the court's charge, and the fourth and fifth assignments complain of the refusal to give requested charges. We find no reversible error in these assignments. The court's charge, when taken as a whole, fairly submitted all material issues and in a way that it is not probable the jury were misled thereby.

[5] Besides, the evidence conclusively shows that deceased was guilty of contributory negligence in taking hold of the live wire, and appellants were not entitled to recover, and if there was any error in the court's charge, which we do not believe, it becomes harmless as the verdict was the only one that should have been rendered.

The sixth assignment of error is: "The charge of the court as a whole does not submit all of the law of the case as demanded by the evidence in this: The plaintiffs allege in the fifth paragraph of their petition that the person in charge of and running the motive power of defendant's plant at the time of the death of Joseph E. Bowman was incompetent and not fit for the position, and the defendant company in having said person so in charge at the time was guilty of negligence which directly and proximately caused the death of said Bowman, and that if a competent person had been in charge at the time such person could and would have discovered the fallen wire in question, and could and would (have) turned off current from said fallen wire and thereby have averted the death complained of, and evidence amply established these allegations, or at least clearly raised the issue, and the court should have submitted this issue to the jury." The proposition submitted under said assignment is: "The charge of the court did not submit all the law of the case in that the court failed to submit to the jury the issue of the negligence of the defendant in having an incompetent and unfit person in charge of the power plant at the time the deceased met his death."

[6] The appellants pleaded but requested no charge on this issue and, having failed to do so, are in no attitude to complain.

Finding no reversible error in the record, the judgment is affirmed.